UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Charles Thesing,

    Plaintiff,

v.                                                   17-cv-1208 (JNE/LIB)
                                                       ORDER

Imperium Insurance Company,
a/k/a Delos Insurance Company,

    Defendant.


Plaintiff Charles Thesing was injured in a car accident and filed this action seeking underinsured motorist ("UIM") benefits from Defendant Imperium Insurance Company ("Imperium"). Imperium moves for summary judgment, arguing that Thesing's insurance policy with Imperium bars recovery of UIM benefits. In the alternative, Imperium moves for an order reducing its liability from $100,000 to $75,000. For the reasons below, the Court denies Imperium's motion for summary judgment and grants Imperium's motion for a reduction to its liability.

## BACKGROUND

Thesing works for the Minnesota Department of Transportation ("MnDOT") as the leader on a drilling and soil sampling crew. He is insured under a policy with Imperium that provides a limit of $100,000 in UIM coverage. Imperium claims that Thesing also qualifies through his job for up to $25,000 in UIM benefits from the State of

1

Minnesota Risk Management Fund Automobile Insurance Program ("the MnDOT policy").

On March 28, 2013, Thesing drove an MnDOT drill truck to a rural location on Highway 84 to collect soil samples in preparation for a potential road construction project. He was standing on the rear of the truck to operate the drill controls when a car hit and injured him. Thesing settled his claim against the at-fault driver for the $100,000 policy limit of the driver's liability insurance coverage. This did not cover Thesing's loses, making the at-fault driver an underinsured motorist and triggering Thesing's right to pursue UIM benefits.

Minn. Stat. § 65B.49 subd. 3a(5) directs an injured person occupying a vehicle to "to seek [UIM] coverage initially from the insurer of the motor vehicle [he or she] occupied at the time of the accident and establishes as limits of liability those specified in the policy on the occupied vehicle." *Becker v. State Farm Mut. Auto. Ins. Co.*, 611 N.W.2d 7, 11 (Minn. 2000). The statute further provides that an injured person "may be entitled to excess insurance protection" on a personal policy if he or she was "not an insured" on the policy covering the occupied vehicle. This is called "excess UIM coverage."

Thesing has not received any UIM benefits from the policy covering the MnDOT vehicle he occupied during his injury. But he asked Imperium for $100,000 in excess UIM coverage. Imperium refused and Thesing filed this action to recover the $100,000.

2

## STANDARD OF REVIEW

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is material if its resolution will affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In making these determinations, the Court draws all reasonable inferences from the evidence in favor of the nonmoving party. *Id.* at 255.

## DISCUSSION

Imperium moves for summary judgment and, alternatively, for a reduction to its liability. The Court denies the former motion and grants the latter motion.

### I. Motion for Summary Judgment.

Imperium moves for summary judgment because an exclusion in the insurance policy allegedly precludes Thesing from recovering excess UIM benefits. The exclusion states that:

> Neither the Uninsured Motorist Coverage nor the Underinsured Motorist Coverage apply to bodily injury sustained by: . . . an Insured Person while occupying a motor vehicle furnished by an Insured Person's employer and operated in the course of that Insured Person's employment. This exclusion does not apply to Your Car.

ECF No. 14-1 at 59.  Thesing concedes that the exclusion applies to his injury on the MnDOT truck on March 28, 2013.  But he maintains that the exclusion is invalid, as it eliminates coverage required under the Minnesota No-Fault Automobile Insurance Act ("No-Fault Act").  The Court agrees.

The No-Fault Act requires "a minimum amount of UIM coverage."  *Latterell v. Progressive N. Ins. Co.*, 801 N.W.2d 917, 922 (Minn. 2011).  "Policy terms that conflict with the No-Fault Act" are invalid.  *Kwong v. Depositors Ins. Co.*, 627 N.W.2d 52, 55 (Minn. 2001).  The Imperium exclusion eliminates required UIM coverage and conflicts with the No-Fault Act.

In *Latterell*, the Minnesota Supreme Court analyzed the validity of a policy excluding UIM benefits for any injury sustained by the insured "while using or occupying . . . a covered auto while being used to carry persons or property for compensation or a fee."  801 N.W.2d at 919.  The court began its analysis by explaining the difference between "first-party benefits" and "third-party benefits."  First-party benefits are paid "to the insured, often regardless of the vehicle the insured was occupying."  *Id.* at 922.  Third-party benefits are paid "to individuals other than the named insured."  *Id.*  The court announced that UIM benefits to an insured are first-party benefits.  *Id.* at 923.  It also explained that, "because the 'No-Fault Act's primary purpose is to ensure the availability of first-party benefits,'" courts "are more likely to invalidate exclusions to first-party coverage than to third-party coverage."  *Id.* at 922.

4

Next the court explained that "[t]he No-Fault Act requires every automobile insurance policy issued in Minnesota to provide a minimum amount of UIM coverage." *Id.* Minn. Stat. § 65B.49 subd. 3a(1) requires, in relevant part, minimum UIM coverage "limits of $25,000 because of injury to or the death of one person in any accident."

The court then cited prior cases invaliding exclusions of first-party benefits. Relying on these prior cases and Minn. Stat. § 65B.49 subd. 3a(1), the court invalidated the UIM exclusion as against the No-Fault Act. *Id.* at 922-26. Indeed, the court even determined that, "[o]ther than cases involving coverage conversion, . . . the parties cannot identify a single case from this court in which we have upheld an exclusion to first-party coverage, and our research reveals none."[1] *Id.* at 924-25.

Both the exclusion in *Latterell* and the exclusion here eliminate first-party UIM benefits, and neither exclusion concerns coverage conversion. The Court is aware of no case upholding an exclusion of first-party UIM benefits when, as here, there is no coverage conversion. Nor is the Court aware of any basis for finding that, while the exclusion of UIM benefits in *Latterell* violates the No-Fault Act, the exclusion here does not. The Court therefore deems the UIM exclusion in the Imperium policy invalid as against the No-Fault Act and denies Imperium's motion for summary judgment.

---

[1] Coverage conversion occurs when an injured person recovers "both third-party liability benefits and first-party UIM benefits from the same insurance policy." *Latterell*, 801 N.W.2d at 924 n.4. This results in "converting" less expensive first-party benefits into more expensive third-party benefits. There is no coverage conversion here.

For its part, Imperium insists that the exclusion does not violate the No-Fault Act. It argues that the No-Fault Act implicitly permits the exclusion of excess UIM benefits. As support, Imperium cites Minn. Stat. § 65B.49 subd. 3a(5), which reads: "[I]f the injured person is occupying a motor vehicle of which the injured person is not an insured, the injured person may be entitled to excess insurance protection afforded by a policy in which the injured party is otherwise insured."

Imperium maintains that the words "may be entitled" in subdivision 3a(5) imply "that any available excess UIM coverage is determined by the plain policy language of the potentially applicable excess UIM policy." Def. Reply 5, ECF No. 18. Put differently, Imperium interprets the words "may be entitled" as authorizing the exclusion of excess UIM coverage.

Yet the final sentence of subdivision 3a(5) undermines Imperium's interpretation. The final sentence permits an injured person to recover excess UIM benefits, but only to the extent that the injured person's own UIM policy limit exceeds the UIM policy limit for the vehicle occupied in the accident. To illustrate, if an injured person's own UIM policy limit were $25,000 and the UIM policy limit on the occupied vehicle were $25,000, the injured person could not recover any excess UIM benefits on his or her own policy. As a result, the words "may be entitled" need not, as Imperium argues, convey recognition that an insurance policy may eliminate excess UIM coverage. Instead, the words "may be entitled" could simply convey recognition that an injured person with a personal UIM policy may sometimes be ineligible for the excess UIM benefits on the

6

personal policy, such as when the UIM policy limit on the personal policy equals or is less than the UIM policy limit on the occupied vehicle. The statute thus has two potential interpretations.

The Court declines to adopt Imperium's interpretation. Doing so would allow the exclusion of Thesing's first-party UIM benefits. *Latterell* and Minn. Stat. § 65B.49 subd. 3a(1) weigh against allowing this exclusion and, on that basis, Imperium's interpretation.

## II.     Motion for a Reduction in Liability.

Imperium moves for an order reducing its liability from $100,000 to $75,000. It argues that Thesing is eligible for $25,000 in UIM benefits on the MnDOT policy covering the vehicle he occupied during his injury. Imperium further argues that, based on Minn. Stat. § 65B.49 subd. 3a(5) and the Imperium policy, this Court must reduce Imperium's liability ($100,000) by the "limit of liability of the coverage available to" Thesing under the MnDOT policy ($25,000). Minn. Stat. § 65B.49 subd. 3a(5).

Both Minnesota law and the Imperium policy provide for the reduction of excess UIM liability based on the "coverage available" from the occupied vehicle. Minn. Stat. § 65B.49 subd. 3a(5) "'require[s] the injured occupant to look first and exclusively to the policy limits on the occupied vehicle' for [UIM] benefits." *West Bend Mut. Ins Co. v. Allstate Ins. Co.*, 776 N.W.2d 693, 699 (Minn. 2009) (citation omitted). Subdivision 3a(5) permits recovery of excess UIM benefits from a personal policy, but it reduces this

recovery by the "the limit of liability of the coverage available to the injured person from the occupied motor vehicle." Minn. Stat. § 65B.49 subd. 3a(5).

The Imperium policy mirrors subdivision 3a(5). It requires the insured to first seek UIM benefits from "[t]he policy affording [UIM benefits] . . . to the vehicle the [insured] was occupying at the time of the accident." ECF No. 14-1 at 59. In addition, it reduces recovery of excess UIM benefits by the amount of UIM benefits available under the policy covering the occupied vehicle. *Id.*

A reduction is thus required under subdivision 3a(5) and the Imperium policy based on the amount of "coverage available" to Thesing on the occupied vehicle.

Thesing concedes that he "is not aware of any exclusion prohibiting him from recovering UIM coverage from MnDOT." Pl. Br. 8, ECF No. 16. He also concedes that Imperium's requested reduction is permissible under subdivision 3a(5) and the Imperium policy. Still, Thesing opposes a reduction. He argues that the Court cannot reduce Imperium's liability because "MnDOT has not agreed to pay its coverage." *Id.*

But this is not a reason to delay reduction. "Coverage available" under subdivision 3a(5) "does not mean the amount received by the person."[2] *Drentlaw v. Mut.*

---

[2] Though no party cites it, the Minnesota Supreme Court held in *Sleiter v. Am. Family Mut. Ins. Co.*, 868 N.W.2d 21, 28 (Minn. 2015) that "'coverage available' [in subdivision 3a(5)] means the benefits actually paid to the insured under the coverage provided by the occupied vehicle's policy." But the court in *Sleiter* limited this interpretation of "coverage available" to multiple victim accidents. In single victim accidents, as here, the court reasoned that "[t]he 'coverage available' to a single victim is obvious: the policy limits. In contrast, the 'coverage available' in accidents involving a large number of injured passengers is unknown until the claims are made against the policy." *Id.* at 26; *see also Hegseth v. Am. Family Mut. Ins. Grp.*, 877 N.W.2d 191, 194 (Minn. 2016) (describing *Sleiter* as "holding that, when the full limits of the primary UM policy could not be recovered by an injured party because multiple parties

8

*Serv. Cas. Ins. Co.*, No. C4-01-1280, 2002 WL 109318, at *1 (Minn. Ct. App. Jan. 29, 2002); *see also Schons v. State Farm Mut. Auto. Ins. Co.*, 621 N.W.2d 743, 747 n.1 (Minn. 2001) (describing "coverage available" as the "UIM coverage limits on the" occupied vehicle); *LaFave v. State Farm Mut. Auto. Ins. Co.*, 510 N.W.2d 16, 19 (Minn. Ct. App. 1993) (stating that "coverage available" "refers to the maximum amount of liability coverage accessible to the injured person, regardless of whether that person recovers that maximum amount").

Thesing therefore has "coverage available" under the MnDOT policy regardless of whether he has yet to actually seek and receive any UIM benefits. And so this Court may, pursuant to subdivision 3a(5), reduce Imperium's liability by the amount of "coverage available" on the MnDOT policy covering the occupied car. *See Songkhamdet v. Am. Family Ins. Grp.*, No. A05-1060, 2006 WL 1229498 (Minn. Ct. App. May 9, 2006) (reducing insurer's excess UIM liability by the amount of coverage available on the policy covering the occupied car pursuant to subdivision 3a(5) despite insured's failure to first seek and receive those benefits).

In the end, Thesing offers no reason to delay the reduction required under both subdivision 3a(5) and the Imperium policy. The Court grants Imperium's motion and reduces its UIM liability by the $25,000 in UIM coverage available to Thesing on the MnDOT policy.

---

made claims against the policy, 'coverage available' means the benefits actually paid to the injured party by the primary policy"). The *Sleiter* definition of "coverage available" is therefore irrelevant to Thesing's single victim accident.

## **CONCLUSION**

Based on the foregoing, and all the files, records, and proceedings herein, IT IS ORDERED THAT:

1. Defendant Imperium's motion for summary judgment [ECF No. 11] is DENIED.

2. Defendant Imperium's motion to reduce its liability [ECF No. 11] is GRANTED.

3. Defendant Imperium's liability is hereby limited to $75,000.

Dated: March 6, 2018

                                                    s/ Joan N. Ericksen
                                              JOAN N. ERICKSEN
                                              United States District Judge